IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LANIER JAMES AND
JAMES PEST MANAGEMENT, INC.                                            PLAINTIFF

V.                                                        CAUSE NO.: 1:09CV223-SA-JAD

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND BOBBY PATRICK
INSURANCE AGENCY, INC.                                                 DEFENDANTS

MEMORANDUM OPINION

Defendants have filed a Motion for Summary Judgment [62]. For the foregoing reasons, the motion is denied.

*Factual and Procedural Background*

James Pest Management, Inc., (JPM) utilizes over forty trucks in its pest control business and has two main offices: one in Memphis, Tennessee, and another in Columbus, Mississippi. Since 1971, JPM has done business with State Farm Automobile Insurance Company. In order to transfer a truck from the Memphis branch to the Mississippi branch, JPM had to secure Mississippi automobile insurance through Bobby Patrick Insurance Agency, a State Farm affiliate.

JPM transferred Truck 29 from Memphis to Columbus in June of 2006. JPM alleges that it gave notice to Bobby Patrick Insurance Agency of the vehicle's transfer, and that entity assured JPM, "we will take care of it." Truck 29's Tennessee insurance coverage lapsed in July of 2006. On May 14, 2007, Truck 29 was involved in an accident. State Farm denied coverage and refused to defend JPM. JPM thereafter filed this suit alleging that the Defendants negligently failed to procure

insurance on behalf of JPM and failed to give notice of cancellation.[1]  Plaintiff seeks compensatory and punitive damages.

Defendants contend summary judgment is appropriate as Plaintiff has presented no evidence that the Defendants ever agreed to procure Mississippi insurance for Truck 29.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when the evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.  In the absence of proof, the court does not "assume that the nonmoving party could or would

---

[1]Both parties agree that Lanier James, in his individual capacity, has no standing to pursue claims against the Defendants to this action. Thus, Lanier James is dismissed as a plaintiff.

2

prove the necessary facts." Little, 37 F.3d at 1075.

*Analysis and Discussion*

As an initial matter, Defendants filed a Supplement to the Motion for Summary Judgment alleging an additional statute of limitations argument not previously plead. Plaintiff moved to strike that argument on the basis that it was not filed within the scheduling order deadlines established in this case.

By Order dated June 30, 2010, this Court extended the dispositive motions deadline until August 19, 2010. Defendants filed their Motion for Summary Judgment on August 19, 2010. On September 15, 2010, Defendants "supplemented" that motion to include the statute of limitations argument. Defendants did not request leave to file the supplement out of time, therefore, arguments made therein are disregarded.

*(a) Failure to Procure Insurance*

The Mississippi Supreme Court has recognized a cause of action for failure to procure insurance against an insurance agent. See Hancock Bank v. Travis, 580 So. 2d 727, 732 (Miss. 1991) (citing Southside, Inc. v. Clark, 460 So. 2d 113, 115 (Miss. 1984)). Such a claim not only sounds in tort based on negligence, it also sounds in contract. Southside, 460 So. 3d at 115. Indeed, the Mississippi Supreme Court, citing the Restatement of Contracts, likened a failure to procure insurance claim to a promissory estoppel claim. Id. That court noted that liability may attach where "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Defendants argue that Plaintiff has failed to put forth evidence that State Farm or Bobby

3

Patrick Insurance Agency breached the duty to procure insurance as Plaintiff cannot show that either Defendant ever agreed to procure Mississippi insurance for Truck 29. Plaintiff has presented a genuine issue of material fact as to whether JPM reasonably expected insurance to be procured based on Defendants' actions. Specifically, Plaintiff has presented a genuine issue of material fact as to whether a JPM phone call to the Bobby Patrick Insurance Agency, and the Agency's assurance that it would be taken care of, was enough to procure insurance based on prior dealings between JPM and State Farm.

Linda Burk, the Columbus JPM office manager, testified that the Memphis JPM office called and alerted her to secure insurance on Truck 29. Burk also testified that she informed the Bobby Patrick Insurance Agency that a truck was being transferred from Tennessee to Mississippi, and they told her the Memphis State Farm office would fax the paperwork to them, that she did not have to do anything else, and that they would "take care of it." The Memphis State Farm Agent, Sharon Wilson, also stated that her office could have faxed the information to the Columbus office in order to facilitate the transfer of insurance.

Lanier James testified that "in [JPM's] normal way of doing business up here with State Farm, that would have certainly . . . put them on notice" that State Farm was to secure insurance on Truck 29. In fact, James further remarked that in thirty-nine years of State Farm coverage, all that was needed to secure insurance was a call to the insurance agency. Another JPM employee testified that all she had to do to secure insurance on a vehicle was to call State Farm and tell them JPM had a new vehicle. Thus, Plaintiff has created a genuine issue of material fact as to whether pursuant to the custom and practice of JPM and State Farm's dealings, JPM requested insurance on Truck 29.

4

*(b) Punitive Damages*

Before punitive damages may be recovered from an insurer, the plaintiff must prove by a preponderance of evidence that the insurer acted with malice, gross negligence, or reckless disregard for the rights of others. <u>Univ. Life Ins. Co. v. Veasley</u>, 610 So. 2d 290, 293 (Miss. 1992) (holding that the burden of proof is on the plaintiff to show that the conduct in question rises to the level necessary to justify the imposition of punitive damages). The Court will defer ruling on the punitive damages claim until all evidence is received at the trial of this matter.

*Conclusion*

Defendants Motion for Summary Judgment is denied. Plaintiff has raised a genuine issue of material fact as to the failure to procure insurance claim. The Court reserves its ruling on the punitive damages issue.

SO ORDERED, this the 5th day of October, 2010.

                                                       /s/ Sharion Aycock
                                                     **U.S. DISTRICT JUDGE**